UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the matter of:

   Sheryle Renee Porter,                          Case No. 12-60215-MBM
                                                    Chapter 7
              Debtor.                                 Hon. Marci B. McIvor
_____/

## OPINION DENYING DEBTOR'S MOTION TO REOPEN CASE

This matter is before the Court on debtor Sheryle R. Porter's Motion to Reopen her chapter 7 case and to waive the fee to reopen her case. Debtor seeks to reopen her case for the purpose of filing an adversary complaint to determine the dischargeabiltiy of her student loan debt. For the reason set forth in this Opinion, Debtor's Motion to Reopen her case is denied.

### Factual Background

On September 4, 2012, debtor Sheryle Renee Porter filed a voluntary chapter 7 bankruptcy petition.

Debtor's schedules disclose $23,288.68 in consumer debt. None of the debts are identified as student loans. Debtor's schedule I indicates that her sole source of income is from disability. Debtor's schedule J discloses no monthly payments for student loans.

On January 23, 2013, the Court entered an Order Discharging Debtor.

On January 28, 2013, Debtor's bankruptcy case was closed.

On February 12, 2019, Debtor filed the present Motion to Reopen her case and to waive the reopening fee. Debtor seeks to have the case reopened for the purpose of filing an adversary complaint to determine the dischargeability of her student loan debt.

## **Standard for Reopening a Bankruptcy Case**

Motions to reopen a closed bankruptcy case are governed by 11 U.S.C. § 350 of the Bankruptcy Code. That section provides:

> (a) After an estate is fully administered and the court has discharged the trustee, the court shall close the case.
>
> (b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

11 U.S.C. § 350.

The decision to grant or deny a motion to reopen is within the bankruptcy judge's sound discretion. *In re Tarkington*, 301 B.R. 502, 506 (Bankr. E.D. Tenn. 2003). Because there are no statutory criteria defining "cause" for reopening a closed case, motions to reopen should be decided on a case by case basis, "consider[ing] the equities of each case with an eye toward the principles which underlie the Bankruptcy Code.*" In re Kapsin*, 265 B.R. 778, 779–80 (Bankr. N.D. Ohio 2001). The movant bears the burden of demonstrating that cause exists for the reopening of a case. *In re Nelson*, 100 B.R. 906, 906 (Bankr. W.D. Ohio 1989).

As a general rule, the longer the time since the closing of the case, the greater the burden in demonstrating that cause exists to reopen the case. *In re Jackson*, 144 B.R. 853, 854-55 (Bankr. W.D. Ark. 1992)(finding strong policy and purpose of bankruptcy laws in ensuring "prompt and effectual administration and settlement of the estate" requires that an interested person, including the debtor, act promptly to preserve its rights). See also *In re Nelson*, 100 B.R. 905, 907 (Bankr. N.D. Ohio 1989)(The doctrine of laches may justify the denial of a motion to reopen a case because the chief purpose of bankruptcy is to secure a prompt administration of assets within a limited period of time).

## Analysis

In the present case, Debtor seeks to reopen her bankruptcy case in order to file an adversary complaint and obtain a determination that her student loans are dischargeable. While Debtor's Motion is very brief, Debtor appears to assert that her circumstances have changed since the filing of her bankruptcy case, and repayment of her student loans now creates an undue hardship.

11 U.S.C. § 523(a)(8) governs the dischargeability of student loan debts. As a general rule, student loans survive a general discharge granted to a debtor. In order to avoid that result, a debtor must demonstrate that the repayment of the loans would impose an undue hardship, a determination which requires a bankruptcy court to focus on the debtor's circumstances at or near the time of the entry of the discharge order. Thus, courts addressing the issue of whether a case should be reopened for the purpose of litigating a debtor's financial circumstances relative to undue hardship, have held that the timing of the motion is critical.

The case of *In re Kapsin*, 265 B.R. 778 (Bankr. N.D. Ohio 2001), is directly on point. In Kapsin, the court denied the debtors' motion to reopen their case to litigate the dischargeability of a student loan 18 months after the discharge order was entered. The court was concerned about the need for finality and the prospect of perpetual bankruptcy court jurisdiction over the debtor's case. The court stated:

> [I]f a change of circumstances were, standing alone, sufficient to reopen a case for the sole purpose of discharging a student loan obligation, then any debtor who filed for bankruptcy relief could at any time—say even ten or twenty years later—invoke the jurisdiction of this Court for solely that purpose. This, of course, would create the anomalous situation of a perpetual Chapter 7 case, and thus would render superfluous, for purposes of a student loan obligation, paragraph (a) of § 350 which provides that, "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case."

3

*In re Kapsin* at 781. *See also Bugos v. MIT Bursar's Office (In re Bugos)*, 288 B.R. 435, 436 (Bankr. E.D. Va. 2003)(court denied debtor's motion to reopen case to litigate undue hardship two and a half years after entry of the discharge order, stating that "there needs to be some reasonable relationship of the undue hardships to the time when the bankruptcy case was filed."); *In re Root*, 318 B.R. 851 (Bankr. W.D. Mo. 2004)(court denied debtor's motion to reopen case to litigate undue hardship thirteen years after entry of the discharge order, noting that a determination of undue hardship "necessarily requires that the court focus on the debtor's circumstances at or near the time of the entry of the order of discharge.").

In the present case, Debtor received her discharge in January, 2013, and her Motion to Reopen the case was filed in February, 2019– more than six years after the discharge order was entered. In light of existing case law, the motion must be denied. At this late date, the Court cannot make a determination regarding Debtor's financial circumstances as they existed at the time the petition was filed, and Debtor's financial circumstances subsequent to the entry of the discharge order are not relevant.

The Court notes that denial of the present Motion does not leave Debtor without a remedy. Debtor can seek to renegotiate her income based repayment plan, or in the alternative, once the requisite eight years has run pursuant to 11 U.S.C. § 727(a)(8), Debtor could filed a new Chapter 7 case. Under 11 U.S.C. § 523(b), a debtor in a subsequent bankruptcy may bring an action to determine the dischargeability of a student loan debt, notwithstanding the fact that either no action was brought in the prior bankruptcy to determine the dischargeability of the student loan debt, or that in the previous bankruptcy, a specific finding was made as to the dischargeability of the debtor's student loan obligation. Section 523(b) provides:

4

> Notwithstanding subsection (a) of this section, a debt that was excepted from discharge under subsection (a)(1), (a)(3), or (a)(8) of this section, under section 17a(1), 17a(3), or 17a(5) of the Bankruptcy Act, under section 439A of the Higher Education Act of 1965, or under section 733(g) of the Public Health Service Act in a prior case concerning the debtor under this title, or under the Bankruptcy Act, is dischargeable in a case under this title unless, by the terms of subsection (a) of this section, such debt is not dischargeable in the case under this title.

11 U.S.C. § 523(b). As explained by the court in *Kapsin*, "[t]he purpose of § 523(b) is to make dischargeable those debts that were not discharged in a prior case, but which would have been discharged had the prior case been filed at a later time." *Id*. at 781 (citation omitted).

Based on the case law set forth above, Debtor has not set forth grounds to reopen her case under 11 U.S.C. § 350. If Debtor chooses to do so, she may litigate the dischargeability of her student loan in a future bankruptcy, which could be filed after September 4, 2020.

## Conclusion

For the foregoing reasons, Debtor's Motion to Reopen Case is denied. Since the Court is denying Debtor's Motion to Reopen, the filing fee for a Motion to Reopen is waived.

**Signed on March 19, 2019**



/s/ Marci B. McIvor
**Marci B. McIvor**
**United States Bankruptcy Judge**